Honorable Carl A. Parker Chairman Education Committee Texas State Senate P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Whether a grievance hearing is open to the public under certain circumstances and related questions
Dear Senator Parker:
You ask whether the Open Meetings Law required an Alamo Community College District grievance committee to discuss a terminated employee's grievance in open session. You also ask whether the chancellor could order persons to leave the premises of the district headquarters. Newspaper clippings which you have submitted describe the circumstances of the grievance committee hearing.
On March 29, 1985, a grievance committee met to hear a grievance filed by a district secretary who had been terminated. The committee was appointed according to the following procedure of the Alamo Community College District:
 The three-member grievance committee shall be ad hoc. Its members shall be appointed by the President (or Chancellor, as appropriate) from a list of six or more employees agreed upon by (a) the appropriate Vice President or Director of Business Services (for college employees) or Vice Chancellor (for District employees) and (b) the elected head of the appropriate employee group or (when the grievant is an administrator) an ACCD employee designated by the committee from an elected or appointed pool, so long as the pool is large enough to ensure that a small number of employees are not asked to serve repeatedly. Persons involved in the grievance process are excluded.
The grievance policy states as follows:
 4. Within five (5) days after receiving the grievance committee's recommendation, the President (or Chancellor, for District office employees) must communicate his or her decision in writing to the involved parties. College employees may appeal the President's decision to the Chancellor or his/her designee. A final appeal may be made to the Board of Trustees and must be filed within ten (10) days following the last level of appeal. At the Board's discretion, such an appeal may be handled either through a review of the grievance record or through a formal hearing. The final decision will be communicated in writing to the involved parties within five (5) days after the Board completes its deliberations.
Alamo District Policy Manual, What's What, Policy No. IV 4-29.
When the grievance committee convened the March 29 hearing at 9:00 a.m., two reporters from the San Antonio College student newspaper were present. The reporters had spoken to the employee about attending the hearing and she did not object to their presence. The chancellor's special assistant told the reporters that the hearing was closed. They attempted twice more to attend, without success. The chancellor ultimately called the campus police who arrived after the students had left the hearing room and were waiting outside the building for it to end. Campus police ordered them to leave the premises and filed disorderly conduct complaints against them.
The Open Meetings Act applies to meetings of a "governmental body" defined as follows:
 (c) `Governmental body' means [1] any board, commission, department, committee, or agency within the executive or legislative department of the state, which is under the direction of one or more elected or appointed members; and [2] every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; [3] and the board of trustees of every school district, and every county board of school trustees and county board of education; [4] and the governing board of every special district heretofore or hereafter created by law. (Emphasis added; numerals [1], [2], [3], [4] added).
V.T.C.S. art. 6252-17, § 1(c). This definition is in four parts. See generally Attorney General Opinion H-467 (1974). The first part gives criteria for determining which state level entities are governmental bodies. See generally Attorney General OpinionsH-994 (1977); H-772 (1976); H-450, H-438, H-246 (1974); H-3 (1973). The remainder of the definition lists specific local governmental entities. See generally Attorney General OpinionsMW-174 (1980); H-1281 (1978); H-554, H-496 (1975); H-450 (1974).
A community college district is a political subdivision. Attorney General Opinion M-707 (1970). The legislature has named such institutions "community colleges" because they "serve their communities not only through university-parallel programs but also by means of occupational programs and other programs of community interest and need." Educ. Code § 130.005. A community college district board of trustees is governed by the law pertaining to independent school districts, insofar as it is applicable. Educ. Code § 130.084. Moreover, community college districts are "school districts" within article VII, section 3 of the Texas Constitution, which authorizes school districts to levy and collect ad valorem taxes. Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex. 1963); see Educ. Code §130.005 (junior colleges renamed community colleges). In our opinion, the trustees of a community college district are trustees of a "school district" within section 1(c) of the Open Meetings Act. See also V.T.C.S. art. 6252-17, § 3A(b), (e) (notice provisions). Thus, the board of trustees of the Alamo Community College District is a governmental body within the act.
Prior opinions establish that an entity will be covered by the Open Meetings Act if it is a "governmental body" which holds "meetings," as those terms are defined in the act. See Attorney General Opinions H-994 (1977); H-772 (1976); H-438 (1974). These opinions consider whether the entity in question is described by the express language of the definitions. Thus, a state-level entity will be a governmental body within the act if it is "within the executive or legislative department of the state" and "under the direction of one or more elected or appointed members." See, e.g., Attorney General Opinions H-994 (1977); H-772 (1976); H-438 (1974). For a local level entity to be a "governmental body" within the act, it must be expressly included in the list of governmental bodies which comprises the second branch of the definition. V.T.C.S. art. 6252-17, § 1(c). That list names several specific governmental bodies. It also establishes criteria for identifying deliberative bodies "classified as a department, agency, or political subdivision of a county or city." See, e.g., Attorney General Opinions JM-4
(1983); H-467 (1974). The definition of governmental body does not, however, include committees subordinate to the governing body of a school district or junior college district such as the grievance committee. Since the Alamo Community College grievance committee is not a governmental body within the statutory definition, it is not subject to the Open Meetings Act. The March 29 hearing was therefore not a meeting subject to the Open Meetings Act.
You next ask whether the chancellor could order persons to leave the premises of district headquarters. Since the grievance committee hearing was not subject to the Open Meetings Act, student reporters had no right under that act to attend. Whether the chancellor could properly order persons to leave the premises of district headquarters depends upon all the facts and circumstances. The trustees of a community college "have the exclusive power to manage and govern" the schools of the district. Educ. Code § 23.26(b). They may adopt "such rules, regulations, and by-laws as they may deem proper." College officials may enforce rules and regulations to deter disruption of the educational environment. Lansdale v. Tyler Junior College,318 F. Supp. 529 (D.C. 1970); Hughes v. Board of Trustees, Tarrant County Junior College District, 480 S.W.2d 289
(Tex.Civ.App.-Fort Worth 1972, writ ref'd n.r.e.). Assuming the chancellor was acting pursuant to authority validly delegated by the trustees, he was empowered to order persons to leave district headquarters. See also Penal Code § 42.05 (disrupting a meeting).
 SUMMARY
A grievance committee of the Alamo Community College District is not a "governmental body" within the Open Meetings Act, article 6252-17, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General